IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARION GOVAN, #221 463 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-604-MEF |
| | | (WO) |
| THE STATE OF LOUISIANA, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 29, 2007 Plaintiff, Marion Govan, an inmate incarcerated at the South Louisiana Correctional Facility located in Basile, Alabama, filed this *pro se* civil action under the provisions of 42 U.S.C. § 1983. Plaintiff names as defendants the State of Louisiana and Deputy Warden Bullard and District Warden Copes of the Pine Prairie Correctional Center and/or South Louisiana Correctional Facility. He complains about matters which occurred at the Pine Prairie Correctional Center. Upon review of the instant complaint, the court concludes that Plaintiff's complaint against the named defendants should be transferred to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a).[1]

**DISCUSSION**

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1)

---

[1] Plaintiff has not submitted the $350.00 filing fee nor a motion for leave to proceed *in forma pauperis*. The court finds that the assessment and collection of any filing fee should be undertaken by the United States District Court for the Western District of Louisiana.

a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which the case could have been brought." 28 U.S.C. § 1406(a).

It is clear from the allegations in the complaint that the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Western District of Louisiana. Moreover, it appears from Plaintiff's recitation of the facts that the defendants as well as a majority of witnesses and evidence associated with this case are located in the Western District of Louisiana. Thus, the court concludes that from the face of the complaint that the proper venue for this cause of action lies within the United States District Court for the Western District of Louisiana.

In light of the foregoing, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Western District of Louisiana for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to United States District Court for the Western District of Louisiana, Lafayette Division, United States Courthouse, Suite 2100, 800 Lafayette Street, Lafayette, Louisiana 70501, pursuant to 28 U.S.C. § 1406(a).

It is further

ORDERED that on or before **July 17, 2007** the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of July 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE